A. F. OSTERLOH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32764. Promulgated October 2, 1928.

*J. Robert Sherrod, Esq.,* for the petitioner.
*Frank S. Easby-Smith, Esq.,* for the respondent.

OPINION.

LITTLETON: It is the petitioner's contention that, by reason of the sale in 1923 of the 900 shares of stock in question, he sustained a

loss in the amount of $25,198.30, which is deductible from gross income.

In support of this contention petitioner argues that he acquired title to the stock at the time Seiberling turned it over to him and that the subsequent sale thereof constituted a completed transaction, resulting in the loss which he seeks to deduct in the year 1923.

The Commissioner, on the other hand, takes the position that, the petitioner being on a cash receipts and disbursements basis, a loss was not sustained in 1923 and the transaction could not be closed and did not, therefore, result in a loss until petitioner paid Seiberling for the stock which was sold by the banks in 1923.

We think that it is unnecessary to pass upon the question as to whether the title to the stock in question passed to petitioner at the time Seiberling turned it over to him for the reason that, under the facts herein, assuming such to be the case, petitioner has not fulfilled the requirements of the statute with respect to the deduction of losses.

Section 214 (a) (4) of the Revenue Act of 1921 authorizes as deductions in computing net income, " Losses sustained during the taxable year and not compensated for by insurance or otherwise." The question that confronts us, therefore, is did petitioner *sustain* the alleged loss in the year 1923 within the meaning of the Revenue Act of 1921? The answer to the question, of course, depends on the meaning of the word "sustain."

In *Jackson County State Bank*, 2 B. T. A. 1100, we stated, in considering the identical language employed in the 1918 Act, that:

The statute provides for a deduction on account of losses sustained during the taxable year. The expression " loss sustained " means actual losses and not paper losses * * *.

In *Carl Muller*, 4 B. T. A. 169, we said:

The statute does not permit the deduction of doubtful debts partly written off, *Steele Cotton Mill Co.*, 1 B. T. A. 299, nor of possible or probable losses. The loss must be actually sustained in the taxable year to be deductible * * *. On the other hand, claiming a loss he must prove as a fact that it was actually sustained within that year. The sustained loss and not the ascertainment is the statutory factor * * *.

It is true that in 1923 upon the sale of the stock petitioner became legally liable to Seiberling for the payment of a definitely ascertainable amount, because he could not return the stock unless he purchased it. However, petitioner did not in 1923 pay out anything and consequently the potential loss was not made effective. *Herschel V. Jones*, 1 B. T. A. 1226. Until petitioner pays Seiberling the amount of the debt owing to him only a potential loss exists which, it is clear, can not be actually sustained, and, consequently, deductible under the statute, until payment has been made, thereby

making the loss real and actual as distinguished from potential. *S. R. Davis*, 9 B. T. A. 755.

The petitioner, however, calls attention to the decision of the Board in *Bob H. McGinnis*, 4 B. T. A. 209, and insists that our holding therein constitutes authority for the deduction sought in this proceeding.

In that proceeding the Board held that in order properly to reflect income attributable to the year 1919, goods actually bought and sold during that year should be added to purchases, whether fully paid for or not, even if the taxpayer was on the cash receipts and disbursements basis. Thus it will be observed that the material facts are somewhat different in the *McGinnis* proceeding and our holding therein was confined to the acquisition and disposition of goods within a particular year in the usual course of business. It is our opinion, therefore, that the instant proceeding is not controlled by the *McGinnis* case *supra*.

Accordingly, the Commissioner's action in disallowing the claimed loss for 1923 is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

PHILLIPS dissents.